IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02052-BNB

EDWARD ALLEN,

      Applicant,

v.

ARI ZAVARAS, Executive Director, DOC, and
JOHN SUTHERS, Attorney General of the State of Colorado,

      Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 13 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER AND JUDGMENT OF DISMISSAL

---

      Applicant Edward Allen is a prisoner in the custody of the Colorado Department of Corrections at the North Fork Correctional Facility at Sayre, Oklahoma. Mr. Allen initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 9, 2007, he filed on the proper form an amended habeas corpus application. Mr. Allen is challenging the validity of his state court criminal conviction. On October 12, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Allen to show cause why the action should not be dismissed for failure to exhaust state court remedies. On October 24, 2007, Mr. Allen filed his response to the show cause order.

      The Court must construe the amended application and the response to the show cause order liberally because Mr. Allen is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at

1110. For the reasons stated below, the Court will deny the amended application and dismiss the action.

Mr. Allen alleges that he was convicted in 2004 in the Fremont County District Court and that he was sentenced to three concurrent indeterminate terms of ten years to life in prison. After the judgment of conviction was affirmed by the Colorado Court of Appeals, the Colorado Supreme Court denied Mr. Allen's petition for writ of certiorari on direct appeal on July 16, 2007. Mr. Allen asserts that he also has filed in the Colorado Supreme Court an original petition for a writ of habeas corpus. On September 7, 2007, the Colorado Supreme Court denied the habeas corpus petition without addressing the merits of the claims asserted.

Mr. Allen asserts five claims for relief in the instant action. He alleges that he exhausted state court remedies for four of these claims on direct appeal. He contends that he exhausted state court remedies for the fifth claim in the state court habeas corpus proceeding.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The

2

exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). Furthermore, even if state remedies properly have been exhausted as to one or more of the claims presented, the habeas corpus application is subject to dismissal as a mixed petition unless all of the claims properly have been exhausted. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995). Finally, a state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Magistrate Judge Boland determined that Mr. Allen's amended application is a mixed petition because the claim that was raised in the state court habeas corpus petition was not fairly presented to the Colorado Supreme Court. Mr. Allen argues in his response to the show cause order that his state court habeas corpus petition satisfies the fair presentation requirement because state law allows him to file an original habeas corpus petition in the state supreme court. The Court disagrees.

If a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See*

*Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946). Therefore, because the Colorado Supreme Court declined to address the merits of the claims Mr. Allen raised in his original petition for a writ of habeas corpus, that petition does not constitute fair presentation of the claims asserted. As a result, the Court finds that Mr. Allen has failed to satisfy his burden of demonstrating that he has fairly presented all of his claims to the state's highest court prior to seeking relief in this Court or that no adequate state court remedy is available. Even assuming that Mr. Allen properly exhausted state court remedies for his other four claims in his direct appeal, the instant action still must be dismissed as a mixed petition because he failed to exhaust state court remedies for the fifth claim. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed without prejudice as a mixed petition for failure to exhaust state court remedies.

DATED at Denver, Colorado, this  *13*  day of _____*Nov*_____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 07-cv-02052-BNB

Edward Allen
a/k/a Edward Allen Clutts
Prisoner No. 122690
North Fort Corr. Facility
1605 E. Main
Sayre, OK 73662

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on ___11/13/07___

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk